UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nora D. Hall and Karen D. Gray, | Case No. 16-cv-167 (PAM/JSM) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| The Bank of New York Mellon, Specialized Loan Servicing LLC, and all other persons and entities unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein, | |
| Defendants. | |

This matter is before the Court on the Defendants' Motion to Dismiss. For the reasons that follow, the Motion is granted in part and denied in part.

**BACKGROUND**

Plaintiffs Nora Hall and Karen Gray own a home on Summit Avenue in St. Paul. (Compl. ¶¶ 1-2.) The mortgage is currently held by Defendant Bank of New York Mellon (the "Bank"). Since 2014, when their business "fell on hard times[,] . . . Plaintiffs [have had] trouble making their mortgage payments." (Id. ¶ 13.) Plaintiffs allege that they applied for a loan modification with the mortgage servicer, Defendant Specialized Loan Servicing LLC, in October 2015, but two days after they mailed the application, they received a notice of foreclosure sale. (Id. ¶¶ 14, 16.) SLS denied the loan-modification request in late November 2015, giving Plaintiffs 30 days to appeal that decision. (Id. ¶ 18.) Plaintiffs filed an appeal within the 30-day period. (Id. ¶ 20.)

However, the Bank proceeded with the foreclosure sale on December 3, 2015, within the 30-day appeal period. (Id. ¶ 22.)

Plaintiffs' Complaint, originally filed in Ramsey County, asserts a violation of Minnesota's dual-tracking statute, Minn. Stat. § 582.043, negligence, and claims that the banks failed to record all of the assignments of the mortgage as required by Minn. Stat. §§ 580.02 and 580.04. Plaintiffs seek declaratory relief that they still own the property, in addition to a judgment setting aside the foreclosure sale, damages for the alleged negligence, and attorney's fees.

**DISCUSSION**

In opposition to the Motion, Plaintiffs argue first that Minnesota's pleading standards, not federal pleading standards, govern. This argument is specious. There is no question that federal pleading standards govern in federal actions. See, e.g., Karnatcheva v. JP Morgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013) ("We apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law."). Counsel would be well-advised not to raise such frivolous arguments before the Court in the future.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Clark. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal

conclusions that Clark draws from the facts pled.  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  Id. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  Twombly, 550 U.S. at 556.

**A.    Dual-Tracking Statute**

Plaintiffs claim both a violation of Minnesota's dual-tracking statute and negligence arising out of the alleged statutory violation.  The statute provides that a servicer receiving a loan-modification application may not refer the mortgage to an attorney for foreclosure while it is reviewing the application.  Minn. Stat. § 582.043, subd. 6(a).  As relevant to this case, the statute also provides that if a foreclosure has been scheduled and the servicer thereafter receives a loan-modification application,

> The servicer must halt the foreclosure sale and evaluate the application.  If required to halt the foreclosure sale and evaluate the application, the servicer must not move for an order of foreclosure, seek a foreclosure judgment, or conduct a foreclosure sale unless:
>
> (1) the servicer determines that the mortgagor is not eligible for a loss mitigation option, the servicer informs the mortgagor of this determination

3

>in writing, and the applicable appeal period has expired without an appeal or the appeal has been properly denied.

Id. subd. 6(c).

Plaintiffs contend that Defendants violated this provision in two ways: (1) by not "halting" the foreclosure sale after receiving Plaintiffs' October 2015 loan-modification application, and (2) by going forward with the foreclosure sale during the appeal period.

Defendants argue that the appeal-period claim fails because there was no "applicable appeal period" here. Although the letter denying Plaintiffs' loan-modification request mentioned a 30-day appeal period, that period applied only if the loan-modification request was Plaintiffs' first such request. According to Defendants, this was not Plaintiffs' first loan-modification request, and Defendants submit several letters that purport to show that Plaintiffs applied for a loan modification and in April 2015 were denied a modification. Defendants ask the Court to consider these letters as matters "necessarily embraced by the pleadings." See, e.g., Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

Plaintiffs oppose the Court's consideration of these letters, contending that they did not receive at least one of the letters and noting, correctly, that the Complaint does not reference any such correspondence. Although the Court is not bound to ignore relevant documents merely because the Complaint does not reference those documents, in the context of this case, these letters are not "necessarily embraced by the pleadings." There are serious disputes between the parties as to what communications Plaintiffs received from Defendants. Because of those disputes, the Court cannot say as a matter of

4

law that the letters Defendants submitted are embraced by the pleadings. At this stage, the Court will not consider those letters.

In the end, however, it is of no moment whether the Court considers these letters, because the letters do not address whether Defendants were required to suspend the foreclosure process after receiving Plaintiffs' October 2015 application. The statute states that servicers must "halt" the foreclosure sale. It is clear that the foreclosure sale of Plaintiffs' home was not suspended or halted pending review of their application. SLS denied Plaintiffs' October 2015 application on November 25, 2015, and held the foreclosure sale on December 3, 2015. And Defendants continued to publish the notice of foreclosure sale after Plaintiffs submitted the October 2015 loan-modification application. Defendants argue that the statute does not prohibit lenders from maintaining a previously existing foreclosure sale date. But the statute requires servicers to "halt" the foreclosure, which means that all proceedings should be suspended or stopped pending an application review. See, e.g., Mann v. Nationstar Mortg., LLC, 2015 WL 4094209 (D. Minn. July 7, 2015) (Davis, J.) (determining that proceeding with foreclosure sale while simultaneously reviewing loan-modification application violated dual-tracking statute). Plaintiffs' allegation that SLS continued to pursue foreclosure after receiving their loan-modification application states a claim for a violation of the dual-tracking statute.

But Plaintiffs cannot raise a negligence claim arising out of the alleged violation of the dual-tracking statute. They have not alleged, and the Court is unaware of, any duty on the part of SLS that would give rise to a negligence claim. The negligence claim will therefore be dismissed.

B. Mortgage Assignments

Federal caselaw squarely forecloses Plaintiffs' speculative and unsupported claims regarding the alleged failure to record all mortgage assignments.  E.g., Karnatcheva, 704 F.3d at 548; Blaylock v. Wells Fargo Bank, N.A., 502 F. App'x 623 (8th Cir. 2013). Plaintiffs do not explicitly acknowledge the plethora of contrary authority, arguing only that their mortgage-assignment claims survive under Minnesota's pleading standards. But as discussed above, Minnesota's pleading standard do not apply, and under every case in this District to have faced claims similar to those Plaintiffs raise here, those claims have no merit.  Plaintiffs' mortgage-assignment claims are thus summarily dismissed.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. Defendants' Motion to Dismiss  (Docket No. 7) is **GRANTED in part** and **DENIED in part**; and

2. Counts II, III, and IV of the Complaint (Docket No. 1-1) are **DISMISSED with prejudice**.

Dated:  May 19, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge